STOKER, Judge.
The Board of Directors of the Policeman’s Pension and Relief Fund for the City of Lafayette denied Ronald Breaux’s claim for disability retirement benefits pursuant to LSA-R.S. 33:2385.8 B.[1] Ronald Breaux and Dana Lowder Breaux filed a petition in the Fifteenth Judicial District court seeking to compel payment of pension benefits accrued and all future benefits to which they might be entitled. The plaintiffs brought this suit against the pension and relief fund mentioned above (Fund), the City of Lafayette and four members of the Fund board who voted to deny the pension benefits.
The trial court rejected the plaintiffs’ demands, thus affirming the Fund’s denial of benefits. The plaintiffs appeal.
FACTS
Ronald Breaux was a policeman in the City of Lafayette Department of Police. On January 5, 1987, Breaux was shot and critically injured while questioning a suspect. Although advised to seek counseling after he had physically recovered from his injuries, Breaux refused to do so.
In June 1989, Breaux was diagnosed as experiencing post-traumatic stress syndrome by Dr. John R. Morelia, the police psychologist. Dr. Morelia found that Breaux’s post-traumatic stress syndrome was caused by his near death experience in 1987 which occurred in his line of duty as a policeman. Dr. Morelia also found that Breaux’s stress was aggravated by an investigation into misconduct committed by Breaux in 1984. Based on this diagnosis, Breaux received worker’s compensation benefits.
On September 1, 1989, Breaux applied for disability retirement benefits based on the evaluation by Dr. Morelia that he could no longer work in law enforcement due to situational depression with high levels of anxiety and total burn out. Breaux’s employment was terminated in late September 1989, following his application for disability retirement. Breaux’s application was considered by the Fund board in October 1989 and denied in a five to one vote. Breaux applied for an immediate reconsideration of his claim. The board again denied Breaux’s claim, but in a four to two vote.
ACTION OF THE TRIAL COURT
Breaux applied for a review of the board’s decision by the district court. The trial judge affirmed the board’s denial of Breaux’s claim, finding the board had not abused its discretion or acted in an arbitrary or capricious manner and that the board’s decision was not manifestly erroneous.
OPINION
The briefs filed in this court indicate that evidence was adduced at the hearing before the board and before the witnesses testified. However, the record sent up to us contains no transcript of the proceedings conducted before the board, and the only evidence in the record are various reports written by Dr. Morelia. On the basis of the opinion of Dr. Morelia, there was no reason for denying pension benefits to Breaux. As the only evidence in the record is all in favor of Breaux, we shall reverse the judgment of the trial court affirming the board’s rejection of Breaux’s demands. However, our conclusion to reverse raises the question as to what relief should be given to the plaintiffs.
Written reports by Dr. Morelia are dated June 26, 1989 and August 21, 1989. On the later date, Dr. Morelia states that Breaux needed at least three months of counseling under medical leave. Elsewhere in the report, Dr. Morelia states that it was his professional opinion that twenty additional therapy sessions would be required exclusive of the original fifteen sessions approved. The statutory authority for payment of pension benefits governing *159 the facts of this case was LSA-R.S. 33:2385.8. (See footnote one.) This statute would appear to limit pension benefits for disability incurred to the period of disability. LSA-R.S. 33:2385.8 B.
Under the circumstances, we conclude that justice requires that we grant judgment in favor of the plaintiffs ordering the Fund to pay them pension benefits applicable to Breaux’s case for a three month period, but to grant leave to plaintiffs to petition the board for an opportunity to establish any disability which may have existed for a period three months beyond August 21, 1989.
Plaintiffs in their petition sought an award of penalties and attorney’s fees under LSA-R.S. 23:631 and 23:640. These statutes are inapplicable to this case. They are applicable to the failure of an employer to pay wages due laborers and employees upon termination of their employment. We know of no statutory authority for an award of penalties and attorney’s fees in this case.
There is no merit to plaintiffs’ claim for redress against the board directors who voted to deny benefits to Ronald Breaux.
DISPOSITION
For the reasons stated above, the judgment of the trial court is reversed and set aside.
It is hereby ordered, adjudged and decreed that there be judgment herein in favor of plaintiffs, Ronald Breaux and Diana Lowder Breaux, and against the Board of Directors of the Policeman’s Pension and Relief Fund for the City of Lafayette, ordering the latter to pay Ronald Breaux applicable pension benefits under LSA-R.S. 33:2385.8 B equal to such benefits for a three month period beyond August 21, 1989.
It is further ordered, adjudged and decreed that the defendant board afford appropriate proceedings to plaintiffs to establish, if they can, any disability Ronald Breaux may have experienced beyond three months beyond August 21, 1989.
The costs of this appeal and the costs incurred in the trial court are assessed to the defendant-appellee.
REVERSED and REMANDED.

. The statutory provisions applicable to the Policeman’s Pension and Relief Fund for the City of Lafayette have been transferred to Title 11 of the Louisiana Revised Statute. LSA-R.S. 33:2385 to 33:2385.14 were redesignated as LSA-R.S. 11:3601 to 11:3615.15 pursuant to 1991 La. Acts No. 74 § 3.